1

2

3

4

5

6

7

8                     IN THE UNITED STATES DISTRICT COURT

9                   FOR THE EASTERN DISTRICT OF CALIFORNIA

10   FRED WAYNE GILBERT,

11          Plaintiff,                         No. CIV S-08-1117 JAM GGH P

12       vs.

13   JOHN McGUINNESS, et al.,

14          Defendants.                        ORDER

15   _____/

16          Plaintiff is a state prisoner proceeding pro se.  He seeks relief pursuant to 42

17   U.S.C. § 1983 and has requested authority pursuant to 28 U.S.C. § 1915 to proceed in forma

18   pauperis.  This proceeding was referred to this court by Local Rule 72-302 pursuant to 28 U.S.C.

19   § 636(b)(1).

20          Plaintiff has submitted a declaration that makes the showing required by 28

21   U.S.C. § 1915(a).  Accordingly, the request to proceed in forma pauperis will be granted.

22          Plaintiff is required to pay the statutory filing fee of $350.00 for this action.  28

23   U.S.C. §§ 1914(a), 1915(b)(1).  An initial partial filing fee of $8.97 will be assessed by this

24   order.  28 U.S.C. § 1915(b)(1).  By separate order, the court will direct the appropriate agency to

25   collect the initial partial filing fee from plaintiff's trust account and forward it to the Clerk of the

26   Court.  Thereafter, plaintiff will be obligated for monthly payments of twenty percent of the

2:08-cv-01117-JAM-GGH   Document 5   Filed 08/08/08   Page 2 of 4

1 preceding month's income credited to plaintiff's prison trust account.  These payments will be

2 forwarded by the appropriate agency to the Clerk of the Court each time the amount in plaintiff's

3 account exceeds $10.00, until the filing fee is paid in full.  28 U.S.C. § 1915(b)(2).

4          The court is required to screen complaints brought by prisoners seeking relief

5 against a governmental entity or officer or employee of a governmental entity.  28 U.S.C.

6 § 1915A(a).  The court must dismiss a complaint or portion thereof if the prisoner has raised

7 claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be

8 granted, or that seek monetary relief from a defendant who is immune from such relief.  28

9 U.S.C. § 1915A(b)(1),(2).

10          A claim is legally frivolous when it lacks an arguable basis either in law or in fact.

11 Neitzke v. Williams, 490 U.S. 319, 325 (1989); Franklin v. Murphy, 745 F.2d 1221, 1227-28

12 (9th Cir. 1984).  The court may, therefore, dismiss a claim as frivolous where it is based on an

13 indisputably meritless legal theory or where the factual contentions are clearly baseless.  Neitzke,

14 490 U.S. at 327.  The critical inquiry is whether a constitutional claim, however inartfully

15 pleaded, has an arguable legal and factual basis.  See Jackson v. Arizona, 885 F.2d 639, 640 (9th

16 Cir. 1989); Franklin, 745 F.2d at 1227.

17          A complaint must contain more than a "formulaic recitation of the elements of a

18 cause of action;" it must contain factual allegations sufficient to "raise a right to relief above the

19 speculative level."  Bell Atlantic Corp. v. Twombly, __ U.S. __, 127 S. Ct. 1955, 1965 (2007).

20 "The pleading must contain something more...than...a statement of facts that merely creates a

21 suspicion [of] a legally cognizable right of action."  Id., quoting 5 C. Wright & A. Miller, Federal

22 Practice and Procedure 1216, pp. 235-235 (3d ed. 2004).  In reviewing a complaint under this

23 standard, the court must accept as true the allegations of the complaint in question, Hospital

24 Bldg. Co. v. Rex Hospital Trustees, 425 U.S. 738, 740 (1976), construe the pleading in the light

25 most favorable to the plaintiff, and resolve all doubts in the plaintiff's favor.  Jenkins v.

26 McKeithen, 395 U.S. 411, 421 (1969).

1    The only defendant identified by name is Sacramento County Sheriff

2    McGuinness.  Plaintiff alleges that while incarcerated at the Sacramento County Jail, he sent a

3    habeas corpus petition to the Ninth Circuit.  Plaintiff alleges that the writ was not received.

4    Plaintiff alleges that this alleged tampering with his legal mail by jail officials violated his civil

5    rights.

6    Plaintiff does not allege how defendant McGuinness was responsible for the

7    alleged tampering with his legal mail.  The Civil Rights Act under which this action was filed

8    provides as follows:

9    Every person who, under color of [state law] . . . subjects, or causes
     to be subjected, any citizen of the United States . . . to the
10   deprivation of any rights, privileges, or immunities secured by the
     Constitution . . . shall be liable to the party injured in an action at
11   law, suit in equity, or other proper proceeding for redress.

12   42 U.S.C. § 1983.  The statute requires that there be an actual connection or link between the

13   actions of the defendants and the deprivation alleged to have been suffered by plaintiff.  See

14   Monell v. Department of Social Servs., 436 U.S. 658 (1978); Rizzo v. Goode, 423 U.S. 362

15   (1976).  "A person 'subjects' another to the deprivation of a constitutional right, within the

16   meaning of  § 1983, if he does an affirmative act, participates in another's affirmative acts or

17   omits to perform an act which he is legally required to do that causes the deprivation of which

18   complaint is made."  Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978).

19   Moreover, supervisory personnel are generally not liable under § 1983 for the

20   actions of their employees under a theory of respondeat superior and, therefore, when a named

21   defendant holds a supervisorial position, the causal link between him and the claimed

22   constitutional violation must be specifically alleged.  See Fayle v. Stapley, 607 F.2d 858, 862

23   (9th Cir. 1979); Mosher v. Saalfeld, 589 F.2d 438, 441 (9th Cir. 1978), cert. denied, 442 U.S.

24   941 (1979).  Vague and conclusory allegations concerning the involvement of official personnel

25   in civil rights violations are not sufficient.  See Ivey v. Board of Regents, 673 F.2d 266, 268 (9th

26   Cir. 1982).

1    Because plaintiff has failed to link defendant McGuinness to the alleged

2  deprivations, the claims against this defendant are dismissed with leave to amend.

3    If plaintiff chooses to amend the complaint, he is informed that the court cannot

4  refer to a prior pleading in order to make plaintiff's amended complaint complete.  Local Rule

5  15-220 requires that an amended complaint be complete in itself without reference to any prior

6  pleading.  This is because, as a general rule, an amended complaint supersedes the original

7  complaint.  See Loux v. Rhay, 375 F.2d 55, 57 (9th Cir. 1967).  Once plaintiff files an amended

8  complaint, the original pleading no longer serves any function in the case.  Therefore, in an

9  amended complaint, as in an original complaint, each claim and the involvement of each

10  defendant must be sufficiently alleged.

11    In accordance with the above, IT IS HEREBY ORDERED that:

12    1.  Plaintiff's request for leave to proceed in forma pauperis is granted.

13    2.  Plaintiff is obligated to pay the statutory filing fee of $350.00 for this action.

14  Plaintiff is assessed an initial partial filing fee of $8.97.  All fees shall be collected and paid in

15  accordance with this court's order to the Director of the California Department of Corrections

16  and Rehabilitation filed concurrently herewith.

17    3.  The complaint is dismissed for the reasons discussed above, with leave to file

18  an amended complaint within thirty days from the date of service of this order.  Failure to file an

19  amended complaint will result in a recommendation that the action be dismissed.

20  DATED:  08/08/08

/s/ Gregory G. Hollows

21  

22  GREGORY G. HOLLOWS
UNITED STATES MAGISTRATE JUDGE

23  gil1117.b

24  

25  

26  

4