IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

FRED WAYNE GILBERT,

        Plaintiff,                       No. CIV S-08-1117 JAM GGH P

    vs.

JOHN McGUINNESS, et al.,

        Defendants.              FINDINGS & RECOMMENDATIONS

                                /

        Plaintiff is a state prisoner proceeding pro se with a civil rights action pursuant to 42 U.S.C. § 1983. Pending before the court is plaintiff's amended complaint filed August 18, 2008.

        The only named defendant is Sacramento County Sheriff McGuinness. Plaintiff alleges that while he was housed at the Sacramento County Jail, he mailed a pleading to the Ninth Circuit Court of Appeals. The Ninth Circuit did not receive the pleading and it was not returned to plaintiff. Plaintiff alleges that a sheriff's deputy, identified as a "doe" defendant, interfered with plaintiff's right to access the courts by destroying this pleading after plaintiff gave it to him to mail. Plaintiff alleges that he, plaintiff, followed all jail policies for the mailing of legal documents.

/////

1

Plaintiff alleges that defendant McGuinness is liable for his destroyed pleading because he did not have a policy in place by which officers logged out legal mail. Plaintiff is arguing that his legal mail would have reached its destination had such a policy been in effect.

A supervisor may be held liable if he implemented "a policy so deficient that the policy itself is a repudiation of constitutional rights and is the moving force of the constitutional violation." Redman v. County of San Diego, 942 F.2d 1435, 1446 (9th Cir. 1991). Plaintiff has not pled sufficient facts supporting his claim that an inadequate mail policy resulted in the violation of his right to access the courts. According to plaintiff, defendant "doe" destroyed plaintiff's pleading after plaintiff gave it to him. Had defendant "doe" been required to log out plaintiff's mail, this still would not have prevented him from destroying plaintiff's pleading. In other words, defendant "doe" could have logged the pleading out, then destroyed the pleading. The allegedly deficient policy did not cause the destruction of plaintiff's legal mail.

The court also observes that plaintiff's claim that defendant "doe" destroyed his mail is not well supported. Plaintiff does not allege any facts in support of this claim. Plaintiff does not allege, for example, that someone told him that defendant "doe" destroyed his pleading. Plaintiff does not allege why defendant "doe" would have been motivated to destroy this document. It is possible, for example, that the pleading was lost by the United States Postal Service. It is not reasonable to infer that simply because one of plaintiff's legal documents did not reach its destination that a deputy sheriff in the Sacramento County Jail must have destroyed it.

Because it does not appear that plaintiff can cure the pleading defects described above, the court recommends that this action be dismissed.

Accordingly, IT IS HEREBY RECOMMENDED that this action be dismissed.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within twenty days after being served with these findings and recommendations, plaintiff may file written

objections with the court. The document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Plaintiff is advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

DATED: 10/06/08

/s/ Gregory G. Hollows

UNITED STATES MAGISTRATE JUDGE

gil1117.56